In the Matter of FELIKSA CHOCKO, as Administratrix of the Estate of JOHN CHOCKO, Deceased, Respondent. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— Motion by appellant to vacate order of this court entered December 26, 1962 (ante, p. 713), dismissing the appeal. Motion granted; order vacated; appeal ordered on the calendar for the September Term, beginning September 9, 1963. The record and appellant's brief must be served and filed on or before June 14, 1963. Beldock, P. J., Christ, Brennan, Hill and Rabin, JJ., concur.

## (April 29, 1963)

THELMA BRESKY, Respondent, v. POWER CRAFTS, LTD., et al., Appellants, et al., Defendants.— In an action to recover: (a) money loaned; and (b) damages for conversion, fraud and other alleged wrongful acts, the corporate defendant and the defendants Gross appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County, dated October 17, 1962, made upon reargument, as required said defendants to file a bond for $10,000 with corporate surety to secure the payment of any judgment which may be rendered in the action against them, as a condition to the opening of their default upon a pretrial examination and as a condition to the vacatur of a prior order, dated July 2, 1962, striking out their answer by reason of such default. Order of October 17, 1962, insofar as appealed from, reversed, without costs, and said condition requiring the filing of the bond deleted. The examination before trial shall proceed on 10 days' written notice or at such other time and place as may be mutually fixed by the written stipulation of the parties. Upon this record, it cannot be said that the appellants' default upon the pretrial examination was willful. It also appears that pursuant to a warrant of attachment plaintiff has already attached the assets of these appellants. Under all the circumstances we believe that it was an improvident exercise of discretion to impose the condition that the surety company bond be filed; it would appear that the imposition of such a condition was an unwarranted punitive measure (cf. Margolies v. Paris, 9 A D 2d 952; Mills v. Capello, 6 A D 2d 841). Ughetta, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur.

COLPROVIA ASPHALT CORPORATION, Respondent, v. CASTLETON CONTRACTING Co., INC., Defendant, and CONTINENTAL CASUALTY COMPANY, Appellant.— In an action by a materialman against a contractor and its surety for materials furnished to the contractor, the surety appeals from an order of the Supreme Court, Richmond County, dated February 5, 1963, which denied its motion: (a) to strike the action from the nonjury calendar for the January 1963 Trial Term, pursuant to the Special Rule (art. IV) of this court regulating calendar practice of the Supreme Court in this Department; and (b) to deny plaintiff a preference in trial under rule 10 of the Rules of the Supreme Court, Richmond County. Order, affirmed, with $10 costs and disbursements. No opinion. (See Thompson & Sons v. Castleton Contr. Co., 18 A D 2d 1109.) Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.